*Kennedy, for appellant.*

*Ross, for appellees.*

---

## ABIGAL McDANIEL ET AL *v.* HUGH McGRADDY ET AL.

**Lands—Parol Division.**

The chancery court has power to adopt a parol division of lands made by the widow and heirs of an intestate. Or a re-division could be ordered upon the same equitable terms.

**Same—Vendor and Purchaser.**

Under such division, one of the heirs, would have the right to pay into court his pro rata part of his ancestors indebtedness, and thus free his lands from subsequent sale. And this right would also descend to his vendee by a subsequent purchase.

**Same.**

This would not only include what the vendor owed as purchase price on the land, but also whatever amount would be lacking of paying his debts, out of his personal estate.

APPEAL FROM SCOTT CIRCUIT COURT.

June 18, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

However the parol division of the lands between the widow and heirs of Alfred McDaniel deceased might be enforcible as a contract and as conflicting with the provisions of the statute of frauds and perjuries, yet as the chancellor had jurisdiction and power to divide the lands and could either order a redivision or adopt the one already made and having determined that the present division was equitable he could adopt it as his division and so enforce it. And as McGraddy had purchased John Mc-Daniel's allotment the chancellor should protect him in its possession unless it was clearly manifested that this would do injustice to the others which does not appear.

As John McDaniel would be entitled to contribute his *pro rata* part of his father's indebtedness and thereby exonorate his share of the land from sale, so McGraddy as his vendee has a right to ask the chancellor to appropriate so much as may be necessary of what he owes his vendor to clear away such incumbrance and thereby exonorate said share from sale, but this not only includes what Alfred McDaniel decedent owed as purchase price on this immediate tract of land but also such amount as his personal estate shall lack of paying his debts as the creditors have a right to most of the lands after exhausting the personal estate of decedent.

The foregoing view expressed by the chief justice, embrace the opinion of the majority of the court on the question referred to.

Judge Hardin is of a different opinion. Regarding as he does the parol agreement of partition as substantially a sale from all the coparceners to each particular one of their title and interest in the land included in the share allotted to him, it cannot, in his opinion be enforced or upheld in this action for the protection of McGraddy and wife against and in opposition to the several coparceners who resist it, and seek in disregard of it to subject the 60 acre tract, which embraces the lot sold to McGraddy and wife to the payment of debts. Because it is declared in the 22nd chapter of the revised statutes that no action shall be brought "to charge any person upon any contract for the sale of real estate or any lease thereof for longer term than one year." He does not doubt that under peculiar circumstances, a court of equity in

assigning to coparceners or tenants in common their shares of a tract of land, would be so far influenced by such equitable considerations, as this case discloses, as incidently to give protection to a party or his vendee in possession by making the division so as to allow him to retain the land in his possession; and in such cases the action of the court is not in conflict with the statute of frauds because the court may do so on principles of equity without regard to any antecedent contract, and even if none exist. But in this case it seems to him, the effect of sustaining the claim of Graddy and wife, is, necessarily to enforce the parol contract of partition and carry it out as effectually as if it were in writing.

But although the majority of this court is of the opinion that the circuit court should on the terms indicated in this opinion, have allowed McGraddy and wife to retain the lot No. 4 under their purchase, upon relieving it of John L. McDaniel's due proportion of the debts for which it was liable, this court is unanimously of the opinion that the judgment is erroneous in its details. The exceptions of the administrator to the report of the commissioner seem to have been properly sustained; but the court failed to allow the administrator credit by the voucher No. 25 for note paid John L. McDaniel. It should have been allowed. It seems to us also that the court erred in requiring unequal contributions from the heirs toward the payment of debts, or in adjudging that the division of the land be carried out in any other respect than as already indicated in regard to the lot sold to McGraddy and wife, as it does not appear that the parties interested in the other lots of the lands desire that it should be.

The assignment of dower which is ratified by the judgment seems to have been made without regard to any reduction of the quantity of land by the enforcement of Wooolen's lien, but on the return of the cause the parties apparently prejudiced by it may elect to abide by it or not.

Wherefore the judgment is reversed and the cause remanded for further proceedings and judgment not inconsistnt with this opinion.

*Polk, for appellant.*

*Prewitt, Goodloe, Huston, for appellee.*